UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

EVAN DESSO, *Individually and For Others
Similarly Situated*

                                    Plaintiff,

        vs.                                                          1:25-CV-238
                                                                     (MAD/PJE)
PARKLAND AMBULANCE SERVICE, INC.,

                                    Defendant.

_____

APPEARANCES:                                OF COUNSEL:

JOSEPHSON DUNLAP                            ANDREW DUNLAP, ESQ.
5847 San Felipe Street - Suite 2400        MICHAEL JOSEPHSON, ESQ.
Houston, Texas 77057                       RICHARD J. BURCH, ESQ.
Attorneys for Plaintiff                    TRAVIS J. GREFENSTETTE, ESQ.

BARCLAY DAMON LLP                          MICHAEL J. SCIOTTI, ESQ.
Barclay Damon Tower                        ROSS M. GREENKY, ESQ.
125 East Jefferson Street - 12th Floor
Syracuse, New York 13202
Attorneys for Defendant

BARCLAY DAMON LLP                          BRIENNA LAUREN BRAMAN, ESQ.
80 State Street
Albany, New York 12207
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

MEMORANDUM-DECISION AND ORDER

I. INTRODUCTION

        On February 21, 2025, Plaintiff Evan Desso filed this class and collective action on behalf

of himself and others similarly situated to recover alleged unpaid wages, untimely wages, and

other damages from Defendant Parkland Ambulance Services, Inc.  *See* Dkt. No. 1.  On

1

December 1, 2025, Defendant answered the complaint.  *See* Dkt. No. 32.  On February 19, 2026, Defendant served Plaintiff with an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure (the "Offer of Judgment"), which Plaintiff purported to accepted on February 26, 2026.  *See* Dkt. No. 37 at 1.  The Offer of Judgment states in relevant part:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant . . . hereby offers to allow Plaintiff Evan Desso, Individually and For Others Similarly Situated ("Plaintiff") to take a judgment against Defendant in this action for the total sum of Two Hundred Fifty Thousand Dollars ($250,000.00), inclusive of Plaintiff's reasonable attorneys' fees, expenses and costs incurred as of the date of this offer, for Plaintiff's claims.

Dkt. No. 37-1 at 1.

On March 6, 2026, Defendant requested that the Court schedule a phone conference to discuss a disagreement between the parties regarding the scope of the Offer of Judgment.  *See* Dkt. No. 39.  In the letter request, Defendant also represented that the Offer of Judgment was intended to bring about a class-wide resolution of the claims brought by Plaintiff and others similarly situated, but the Notice of Acceptance of Rule 68 Offer of Judgment (the "Acceptance"), filed by Plaintiff, attempted to alter the terms of the Offer of Judgment by changing the case caption and identifying only Plaintiff in his individual capacity as the acceptor.  *See id.* at 1; Dkt. No. 37 at 1.  The Offer of Judgment lists the Plaintiff as "Evan Desso, Individually and For Others Similarly Situated," but the caption of the Acceptance states that the Plaintiff is only "Evan Desso."  *Compare* Dkt. No. 37-1 *with* Dkt. No. 37.  In response to Defendant's letter, Plaintiff filed a letter which asserted that judgment in the amount of $250,000 must be entered solely in favor of Plaintiff individually, as no other class member had joined the case by filing a notice of consent.  *See* Dkt. No. 40 at 1-2.

On March 16, 2026, the Court held a telephone status conference to discuss the parties' letters. *See* Text Minute Entry, dated Mar. 16, 2026. During the conference, the Court directed the parties to discuss resolution and referred the parties to *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233 (2d Cir. 2021) and the underlying district court decision in *Toth v. 59 Murray Enters., Inc.*, No. 15-CV-8028, 2017 WL 3605493 (S.D.N.Y. July 26, 2017), *aff'd sub nom. Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233 (2d Cir. 2021). *See id.* In accordance with the Court's directive, Defendant submitted a status report regarding the parties' efforts to resolve their disagreement about the Offer of Judgment. *See* Dkt. No. 43. As the parties were unable to resolve their contentions, the Court permitted each side to set forth their arguments in additional briefing. *See* Dkt. No. 44.

The parties submitted their respective letter briefs on March 31, 2026. *See* Dkt. Nos. 46, 47. Defendant urges the Court to refuse to enter judgment and strike the Acceptance, arguing that, because Plaintiff altered the terms of the offer, there was no meeting of the minds. *See* Dkt. No. 46 at 2-7. Plaintiff contends that the Acceptance was valid and judgment should be entered because no other class members had joined the action and Plaintiff could only accept the Offer of Judgment on his own behalf. *See* Dkt. No. 47 at 3-6.

## II. BACKGROUND[1]

Generally, Plaintiff alleges as follows. Plaintiff was employed by Defendant as a "Patient Care Employee" and alleges that Defendant failed to pay its Patient Care Employees proper overtime wages. Dkt. No. 1 at ¶¶ 1-5. Instead, Defendant allegedly rounded Plaintiff's and the other Patient Care Employees' hours to the nearest quarter hour, while simultaneously

---

[1] The following recitation of facts is drawn from Plaintiff's complaint. *See* Dkt. No. 1. The Court makes no findings regarding the strength or validity of Plaintiff's claims at this time.

"prohibiting them from 'clocking in' more than 7.5 minutes before their scheduled shift start time and 'clocking out' more than 7.5 minutes after their scheduled shift end time." *Id.* at ¶ 6. Additionally, Defendant allegedly paid Plaintiff "and the other Patient Care Employees non-discretionary bonuses and shift differentials that it fail[ed] to include in their regular rates of pay for overtime purposes." *Id.* at ¶ 8. Plaintiff also alleges technical violations of the New York Labor Law ("NYLL"), such as failure to pay manual workers within seven calendar days and failure to provide accurate wage statements. *See id.* at ¶¶ 11-16. Plaintiff brings Fair Labor Standards Act ("FLSA") collective action and NYLL class action claims for failure to pay overtime wages, failure to pay timely wages, and failure to comply with the NYLL wage statement requirements. *See id.* at ¶¶ 122-48.

### III. DISCUSSION

**A.    Applicable Law**

Collective actions filed under FLSA § 16(b) require each plaintiff to affirmatively opt in to the action by submitting filed, written consent. *See* 29 U.S.C. § 216(b). Without this consent, no person will be bound by or may benefit from a judgment. *See id.*; *Vogel v. Am. Kiosk Mgmt.*, 371 F. Supp. 2d 122, 127 (S.D.N.Y. 2005) (citing *LaChapelle v. Owens–Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975)). "Consequently, even if the section 216(b) plaintiff can demonstrate that there are other plaintiffs 'similarly situated' to him, he has no right to represent them absent their consent by an opt-in." *Vogel*, 371 F. Supp. 2d at 128 (citing 29 U.S.C. § 216(b)). If no additional plaintiffs opt in to the lawsuit, the FLSA § 16(b) plaintiff advances only his or her own individual claims. *See* 29 U.S.C. § 216(b); *Vogel*, 371 F. Supp. 2d at 128. As for class actions under Rule 23, "each person within the [class] description is considered to be a class member and,

as such, is bound by judgment, whether favorable or unfavorable, unless he has 'opted out' of the suit." *Vogel*, 371 F. Supp. 2d at 127 (quoting *LaChapelle*, 513 F.2d at 288).

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, a defendant "may serve on [the plaintiff] an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If accepted, the judgment is entered against the defendant. *See id.* If rejected, the offer is deemed withdrawn. *See* Fed. R. Civ. P. 68(b). Importantly, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Under Rule 68, an offer of judgment may moot an FLSA collective action where the offer satisfies all damages claimed by the named plaintiff, plus all costs and attorneys' fees. *See Vogel*, 371 F. Supp. 2d at 128. "Rule 68 also applies in class actions, where prior to class certification defendant offers plaintiff the maximum amount that plaintiff could recover at trial." *Ward v. Bank of N.Y.*, 455 F. Supp. 2d 262, 268 (S.D.N.Y. 2006) (collecting cases). However, "courts are wary of attempts by defendants to evade FLSA collective actions by making Rule 68 offers of judgment 'at the earliest possible time.'" *Id.* (collecting cases). And, "[i]n the context of Rule 23, . . . courts are [also] alert to attempts by defendants to avoid class actions by making Rule 68 offers of judgment to individual named plaintiffs before class certification." *Id.* (collecting cases).

FLSA and NYLL claims are often brought together in a single federal action, invoking 29 U.S.C. § 216(b) to bring FLSA collective action claims and Rule 23 of the Federal Rules of Civil Procedure to bring NYLL class action claims. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 244 (2d Cir. 2011) ("Because FLSA and NYLL claims usually revolve around the same set of facts, plaintiffs frequently bring both types of claims together in a single action using the procedural mechanisms available under 29 U.S.C. § 216(b) to pursue the FLSA claims

5

as a collective action and under Rule 23 to pursue the NYLL claims as a class action under the district court's supplemental jurisdiction").  "Moreover, named plaintiffs often accept settlement of their individual claims under Rule 68 while their associated FLSA collective action and Rule 23 class-action have yet to be certified."  *Chovon v. Hot Pot Flushing LLC*, No. 19-CV-3000, 2020 WL 3051442, *1 (E.D.N.Y. June 8, 2020).

"If the terms of a Rule 68 offer are not specific and clear, there are opportunities for both confusion and mischief."  *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 691 (7th Cir. 2013).  As the Seventh Circuit further explained:

> Offers of judgment under Rule 68 are different from contract offers.  When a contract offer is made, the offeree can reject it without legal (as distinct from economic) consequences.  Plaintiffs who receive Rule 68 offers, however, are "at their peril whether they accept or reject a Rule 68 offer." . . .
>
> [T]herefore, we treat Rule 68 offers differently than we treat ordinary contract offers . . . .  For example, Rule 68 offers may not be revoked during the 14-day period established by the Rule.  We have rejected the applicability of the contract doctrine of rescission to Rule 68 offers, and we have been reluctant to allow defendants to challenge the meaning of an offer of judgment, either before or after acceptance . . . .  Most important, because the consequences of a Rule 68 offer are so great, the offering defendant bears the burden of any silence or ambiguity concerning attorney fees.

*Id.* at 692 (internal citations omitted).

Precedent in the Second Circuit makes clear, however, that a Rule 68 offer is only valid if there is a "meeting of the minds" as understood under common law contract principles.  *Electra*, 987 F.3d at 246 (collecting cases).  In *Electra*, the defendants served a Rule 68 Offer of Judgment on the plaintiffs.  *Id.* at 242.  The offer of judgment stated in relevant part that the defendants offered "to [the p]laintiffs collectively to take a judgment against [the d]efendants in the amount of $82,500.00, inclusive of interest, costs and attorneys' fees, and without any admission of

6

liability, on each of the Causes of Action contained in the Complaint . . . ." *Id.* (citation omitted). The plaintiffs returned to the defendants a document entitled "Plaintiffs' Acceptance of Defendants' Rule 68 Offer of Judgment" which stated, in relevant part:

> . . . [the p]laintiffs hereby accept [the d]efendants [sic] June 15, 2017 offer to allow judgment to be taken against [the d]efendants "in the amount of $82,500, inclusive of interest, costs and attorneys' fees, and without admission of liability, *on each of the Causes of Action contained in the Complaint . . . .*"
>
> *[The p]laintiffs hereby accept a total of six hundred and sixty thousand dollars ($660,000.00),* inclusive of interest, costs and attorneys' fees, for full and final settlement of all eight (8) Causes of Action contained in the Complaint based upon facts existing as of the date of acceptance of the offer.

*Id.* at 243 (citation omitted) (emphasis added).

Following receipt of the plaintiffs' purported acceptance, the defendants filed a letter in the district court urging that no judgment be entered because, in the defendants' Rule 68 offer, "'[t]he figure of $660,000 was not mentioned . . . and was clearly not contemplated; rather, $82,500 was intended to dispose of the entire case,'" and the plaintiffs' counsel was "'well aware of [the d]efendants' stated intent based on written communications among counsel that directly preceded the offer.'" *Id.* (citation omitted). The plaintiffs filed a letter with the district court opposing the defendants' request that the court decline to file a judgment. *See id.* The plaintiffs argued that "the $82,500 referred to in the Rule 68 Offer expressly applied to 'each' of the complaint's causes of action, . . . and urged the district court to disregard 'extrinsic evidence[.]'" *Id.* (internal citations and emphasis omitted).

The district court declined to enter the plaintiffs' proposed judgment, "reasoning that the offer was ambiguous and citing the district court's supervisory authority over the case." *Id.* (footnote omitted). Eventually, an appeal followed after summary judgment was entered in the

defendants' favor two years later.  *See id.* at 244.  Appellants (the plaintiffs) contended that the district court erred in concluding that Appellants had not accepted Appellees' (the defendants) offer of judgment, arguing that (1) "the contract unambiguously offered $660,000"; and (2) "even if the offer was ambiguous," Second Circuit case law "requires that the offer must be construed against the offeror, without looking to extrinsic evidence."  *Id.* at 245.  In response, Appellees argued "that the offer was ambiguous, and this ambiguity rendered the offer inoperative."  *Id.*

The Second Circuit affirmed the district court's order declining to enter judgment, and noted that "'Rule 68 offers of judgment and acceptances thereof are contracts to be interpreted according to ordinary contract principles.'"  *Id.* at 244 (citation omitted).  "'The primary goal of contract interpretation is to effectuate the intent of the parties as manifested by the language used in the contract.'"  *Id.* (citation omitted).

As the Second Circuit explained, "[f]or a valid Rule 68 agreement to have been formed, there must have been a 'meeting of the minds' under elementary principles of contract law."  *Id.* at 246 (collecting cases).  Indeed, "'[t]he plain purpose of Rule 68 is to encourage settlement and avoid litigation . . . .  The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits.'"  *Id.* (quoting *Marek v. Chesny*, 473 U.S. 1, 5 (1985)).  "With respect to a suit seeking money damages, the process requires that the plaintiff, who can total his damages and the costs already incurred, be able to 'compar[e] th[at] sum to the amount offered.'"  *Id.* (quoting *Marek*, 473 U.S. at 7).  "'Thus, Rule 68 offers must provide "a clear baseline from which plaintiffs may evaluate the merits of their case relative to the value of the offer."'"  *Id.* (quoting *Basha v. Mitsubishi Motor Credit of Am., Inc.*, 336 F.3d 451, 455 (5th Cir. 2003)); *see also Stanczyk v. City of New York*, 752 F.3d 273, 283 (2d Cir. 2014) ("Rule 68 offers . . . must be capable of comparison to the judgment

ultimately obtained") (citation omitted).  Ultimately, "[t]he Rule 68 process does not work if the

dollar amount offered is not clear."  *Id.*

After explaining the law, the Circuit held as follows:

> We conclude that Appellees' Rule 68 Offer of Judgment was,
> indeed, ambiguous.  As the district court noted, the sentence in the
> Rule 68 offer reading, "Defendants hereby offer to Plaintiffs
> collectively to take a judgment against Defendants in the amount of
> $82,500.00 . . . on each of the Causes of Action contained in the
> Complaint," . . . is reasonably susceptible to more than one
> interpretation because the word "collectively" contradicts the use of
> the word "each."  The Rule 68 offer therefore was ambiguous in its
> most crucial term: the amount of settlement.  Appellants' arguments
> to the contrary simply ignore this contradiction and are accordingly
> unconvincing.
> . . .
>
> In sum, because the Rule 68 offer was ambiguous as to what dollar
> amount the Appellees were offering—i.e., as to the most
> fundamental aspect of the proposed contract, the amount to be
> specified in the judgment—the Offer of Judgment was not a proper
> Rule 68 offer.  There was here no mutual assent; Appellees' Offer of
> Judgment was of no effect under Rule 68; the district court properly
> refused to enter the judgment proposed by Appellants; and
> Appellants are not subject to the costs-shifting consequences that
> would have occurred if Appellees' Offer of Judgment had been a
> proper Rule 68 offer.
>
> Because the parties never reached agreement on a settlement
> amount, the district court correctly refused to resolve ambiguities in
> Appellants' favor and enter judgment for Appellants pursuant to
> their purported acceptance of the Rule 68 offer.  We therefore
> affirm the July 26, 2017 order of the district court.

*Id.* at 246-47 (internal citations omitted).

Relatedly, the Second Circuit also found that, even if a Rule 68 contract had been formed,

the district court's refusal to enter judgment would be supported by the doctrine of unilateral

mistake.  *See id.* at 247 ("'Where a mistake of one party at the time a contract was made as to a

basic assumption on which he made the contract has a material effect . . . that is adverse to him,'

and 'the other party had reason to know of the mistake,' 'the contract is'— except in circumstances not existing here—'voidable by him'") (quoting Restatement (Second) of Contracts § 153(b) (1981)).

## B.    Application

Here, upon careful consideration of the record, the Court finds no judgment can be entered because the Offer of Judgment was ambiguous and the circumstances demonstrate that there was no meeting of the minds.

Plainitff is correct that Defendant had no power to offer a class settlement to a non-existent class. *See* Dkt. No. 47 at 1-3 (citing *LaBarca v. GRJH, Inc.*, No. 6:16-CV- 826, 2018 WL 1136918, *9-10 (N.D.N.Y. Mar. 1, 2018).[2]  However, the fact that Defendant attempted to make an offer that was a legal and factual impossibility does not mean that a Rule 68 contract was somehow validly formed on Plaintiff's terms.

Plaintiff had no authority to unilaterally change the terms of the Offer of Judgment (nor to change the caption to fit his one-sided interpretation).  Plaintiff contends that "the fact [Plaintiff's] filing contains [an] error in the caption is of no moment."  Dkt. No. 47 at 4.  In support of this assertion, Plaintiff cites *United States v. Edwards*, where the Eastern District of New York noted that the "'Second Circuit often makes [case caption] corrections *sua sponte*, and without citation to any specific Rule or other authority.'"  *Id.* (quoting *United States v. Edwards*, 241 F.R.D. 146, 148 (E.D.N.Y. 2007)).  Although the Second Circuit may have the ability to unilaterally change

---

[2]  On the other hand, Plaintiff is incorrect in stating that *LaBarca* "control[s]" here. Dkt. No. 47 at 1.  In *LaBarca*, this Court construed the ambiguity of whether the Rule 68 judgment at issue encompassed attorneys' fees against the offeror. *See LaBarca*, 2018 WL 1136918, at *4-7.  Here, the Court must determine whether the Offer of Judgment itself was validly accepted, not merely whether attorneys' fees are accounted for.  Additionally, unlike here, in *LaBarca*, judgment had already been entered and the offeror moved pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. *See id.* at *7-8.

10

case captions, Plaintiff cites to no authority which vests *him* with such power.[3]  The Court does not accept Plaintiff's characterization that the changed caption in the Acceptance was an "error"—the circumstances indicate a tactical maneuver by Plaintiff's counsel aimed at capitalizing on defense counsel's strategic misstep of offering a class-wide Rule 68 offer before a class was formed.

Indeed, the history of the parties' settlement negotiations seems to indicate that Plaintiff's counsel likely knew that the Offer of Judgment contemplated a class-wide settlement (even if Defendant was mistaken regarding its ability to resolve the matter with regard to the various potential class members).  According to Defendant, settlement of this matter had only been discussed on a class-wide basis and, during such discussions, "Defendant . . . produced to Plaintiff information about the number of class members and payroll information for the class."  Dkt. No. 46 at 5.  To the extent Plaintiff would invite the Court to ignore such history, as explained in *Toth*, a party's assertion that they are entitled to ignore negotiation history in evaluating the intent of a Rule 68 offer "strains credulity."  *Toth v. 59 Murray Enters., Inc.*, No. 15-CV-8028, 2017 WL 3605493, *2 (S.D.N.Y. July 26, 2017) (citing *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 33-34 (2d Cir. 2016) (courts may consider "all the circumstances" to evaluate the parties' intent)).

Moreover, Plaintiff's assertion that Defendant intended to offer $250,000 to resolve Plaintiff's individual wage claims is simply implausible.  Plaintiff was compensated $19.50 per hour for his laudable work as an Emergency Medical Technician and paramedic.  *See* Dkt. No. 1

---

[3]  For the avoidance of doubt, Plaintiff does not have the authority to unilaterally change the case caption.  *See Turner v. City of New York*, No. 18-CV-9626, 2019 WL 6173701, *1 n.2 (S.D.N.Y. Nov. 19, 2019) ("It should go without saying that a party may not unilaterally amend an established case caption . . ."); *see also Tchatat v. City of New York*, 795 Fed. Appx. 34, 38 (2d Cir. 2019) ("Official captions may be amended with permission from the Court") (citation omitted).

at ¶ 47.  The complaint states that Plaintiff was employed by Defendant from approximately July 2021 through October 2024, working 48 hours per week.  *Id.* at ¶¶ 21, 44, 46.  Assuming he worked 48 hours during each of these 174 weeks, with no time off, and was paid at 1.5 times his hourly rate of $19.50 for 8 hours of overtime per week, Plaintiff would have earned $176,436 during the entire time he was employed by Defendant.[4]

Under the FLSA and NYLL, an aggrieved employee can recover unpaid overtime wages and be made whole for violations of the NYLL's wage statement and timeliness requirements.  However, it is improbable that Defendant intended to settle Plaintiff's individual claims for nearly $75,000 more than Plaintiff ever possibly earned during his term of employment.  Tellingly absent from Plaintiff's written submissions is any allegation that he actually expected to individually recover $250,000 in this matter.[5]

---

[4]  The Court is cognizant that Plaintiff alleges he was not properly paid overtime during his employment with Defendant.  Additionally, it is very likely that Plaintiff did not work 48 hours every single week from July 2021 through October 2024.  These figures merely illustrate the maximum amount Plaintiff theoretically could have earned during the relevant time period.

[5]  During the March 16, 2026 telephone conference, Plaintiff's counsel stated that that they believed Defendant intended to pay Plaintiff $250,000 for his individual claims "because of our experience receiving large offers of judgment from defendants who want to get rid of the case."  Dkt. No. 42 at 3.  Plaintiff's counsel did not take the opportunity to provide examples of such cases in in the letter brief submitted on March 31, 2026.  *See generally* Dkt. No. 47.  Defense counsel, on the other hand, supplied four examples of cases that paint a different picture.  In these cases, the law firm representing Plaintiff here represented other plaintiffs in Rule 23 class actions.  *See* Dkt. No. 46 at 5-6.  In all four of these cases, a Rule 68 offer was made solely to the named plaintiff with no reference to the purported class and the acceptance mirrored the language of the offer.  *See id.* at 10.  The judgments entered in these cases were in the amounts of $16,000, $45,235.10, $20,000, and $10,280, *see id.* at 15-42; nowhere near the sum of $250,000 at issue here.  Of course, this short list does not encompass every case litigated by Plaintiff's counsel and is not necessarily dispositive of the present issues.  However, Plaintiff's counsel has provided no substantiation for the bold proclamation that their experience in other cases would lead to a reasonable inference that Defendant intended to offer $250,000 to the individual Plaintiff in the present matter.

The record before this Court reveals that Defendant and Plaintiff had drastically different interpretations of who the Offer of Judgment was intended to bind. Defense counsel's use of the singular "Plaintiff" to define "Evan Desso, Individually and For Others Similarly Situated" in the Offer of Judgment makes the terms of the offer unclear. Dkt. No. 37-1 at 1. For these reasons, the Court concludes the Offer of Judgment was ambiguous and, therefore, the parties never reached an agreement regarding who was to take judgment against Defendant. Accordingly, the Court finds the Offer of Judgment invalid. *See Toth*, 2017 WL 3605493, at *2 ("[T]he case law makes clear that a court has the power to declare a Rule 68 offer invalid because of ambiguity, among other reasons") (collecting cases).[6]

## IV. CONCLUSION

After careful review of the pleadings, the parties' submissions, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that the Notice of Acceptance with Offer of Judgment (Dkt. No. 37) is **STRICKEN**; and the Court further

**ORDERS** that judgment will not be entered on Dkt. No. 37; and the Court further

**ORDERS** that the parties' contentions in their letter briefs (Dkt. Nos. 39, 40, 46, 47) are **RESOLVED**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Paul J. Evangelista for further proceedings, including the scheduling of a Rule 16 conference; and the Court further

---

[6] As Defendant immediately acted to rectify the issues related to the Offer of Judgment and bring it to the Court's attention, Plaintiff has experienced no prejudice and presently bears no Rule 68(d) exposure.

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 11, 2026
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

14