UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EVAN DESSO, *Individually and For Others Similarly Situated*

Plaintiff,

vs.

PARKLAND AMBULANCE SERVICE, INC.,

Defendant.

1:25-CV-238
(MAD/PJE)

---

APPEARANCES:                          OF COUNSEL:

JOSEPHSON DUNLAP                      ANDREW DUNLAP, ESQ.
5847 San Felipe Street - Suite 2400   RICHARD J. BURCH, ESQ.
Houston, Texas 77057
Attorneys for Plaintiff

BARCLAY DAMON LLP                     MICHAEL J. SCIOTTI, ESQ.
Barclay Damon Tower                   ROSS M. GREENKY, ESQ.
125 East Jefferson Street - 12th Floor
Syracuse, New York 13202
Attorneys for Defendant

BARCLAY DAMON LLP                     BRIENNA LAUREN BRAMAN, ESQ.
80 State Street
Albany, New York 12207
Attorney for Defendant

Mae A. D'Agostino, U.S. District Judge:

## DECISION AND ORDER

On February 21, 2025, Plaintiff Evan Desso filed this class and collective action on behalf of himself and others similarly situated to recover alleged unpaid wages, untimely wages, and other damages from Defendant Parkland Ambulance Services, Inc. *See* Dkt. No. 1. On December 1, 2025, Defendant answered the complaint. *See* Dkt. No. 32. On February 19, 2026,

1

Defendant served Plaintiff with an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure (the "Offer of Judgment"), which Plaintiff purported to accepted on February 26, 2026. *See* Dkt. No. 37 at 1.

On March 6, 2026, Defendant requested that the Court schedule a phone conference to discuss a disagreement between the parties regarding the scope of the Offer of Judgment. *See* Dkt. No. 39. In its letter request, Defendant also represented that the Offer of Judgment was intended to bring about a class-wide resolution of the claims brought by Plaintiff and others similarly situated, but the Notice of Acceptance of Rule 68 Offer of Judgment (the "Acceptance"), filed by Plaintiff, attempted to alter the terms of the Offer of Judgment by changing the case caption and identifying only Plaintiff in his individual capacity as the acceptor. *See id.* at 1; Dkt. No. 37 at 1. The Offer of Judgment lists the Plaintiff as "Evan Desso, Individually and For Others Similarly Situated," but the caption of the Acceptance states that the Plaintiff is only "Evan Desso." *Compare* Dkt. No. 37-1 *with* Dkt. No. 37. In response to Defendant's letter, Plaintiff filed a letter which asserted that judgment in the amount of $250,000 must be entered solely in favor of Plaintiff individually, as no other class member had joined the case by filing a notice of consent. *See* Dkt. No. 40 at 1-2.

On March 16, 2026, the Court held a telephone status conference to discuss the parties' letters. *See* Text Minute Entry, dated Mar. 16, 2026. During the conference, the Court directed the parties to discuss resolution and referred the parties to *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233 (2d Cir. 2021) and the underlying district court decision in *Toth v. 59 Murray Enters., Inc.*, No. 15-CV-8028, 2017 WL 3605493 (S.D.N.Y. July 26, 2017), *aff'd sub nom.*, 987 F.3d 233 (2d Cir. 2021). *See id.* As the parties were unable to resolve their contentions, the Court permitted each side to set forth their arguments in additional briefing. *See* Dkt. Nos. 43, 44.

2

The parties submitted their respective letter briefs on March 31, 2026.  *See* Dkt. Nos. 46, 47.  Defendant urged the Court to refuse to enter judgment and strike the Acceptance, arguing that, because Plaintiff altered the terms of the offer, there was no meeting of the minds.  *See* Dkt. No. 46 at 2-7.  Plaintiff contended that the Acceptance was valid and judgment should be entered because no other class members had joined the action and Plaintiff could only accept the Offer of Judgment on his own behalf.  *See* Dkt. No. 47 at 3-6.

On June 11, 2026, this Court issued a Memorandum-Decision and Order, striking the Offer of Judgement and referring the case to Magistrate Judge Evangelista for further proceedings (the "Order").  *See* Dkt. No. 48  In sum, after conducting a thorough analysis, the Court found that the Acceptance was invalid for lack of a meeting of the minds and further explained as follows:

> The record before this Court reveals that Defendant and Plaintiff had drastically different interpretations of who the Offer of Judgment was intended to bind.  Defense counsel's use of the singular "Plaintiff" to define "Evan Desso, Individually and For Others Similarly Situated" in the Offer of Judgment makes the terms of the offer unclear.  Dkt. No. 37-1 at 1.  For these reasons, the Court concludes the Offer of Judgment was ambiguous and, therefore, the parties never reached an agreement regarding who was to take judgment against Defendant.  Accordingly, the Court finds the Offer of Judgment invalid.  *See Toth*, 2017 WL 3605493, at *2 ("[T]he case law makes clear that a court has the power to declare a Rule 68 offer invalid because of ambiguity, among other reasons") (collecting cases).

*Id.* at 13.

Plaintiff now requests that this Court certify the Order for interlocutory appeal pursuant to 28 U.S.C. 1292(b).  *See* Dkt. No. 53.  Defendant opposes Plaintiff's motion.  *See* Dkt. No. 56.

"Federal appellate jurisdiction is generally limited to review of only the 'final decisions of the district courts.'"  *Davella v. Ellis Hosp., Inc.*, No. 1:20-CV-726, 2024 WL 98352, *2 (N.D.N.Y. Jan. 9, 2024) (quoting 28 U.S.C. § 1291).  "This final-judgment rule . . . preserves the

proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice." *Microsoft Corp. v. Baker*, 582 U.S. 23, 36-37 (2017) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).  It also evidences Congress's "preference that some erroneous trial court rulings go uncorrected until the appeal of a final judgment, rather than having litigation punctuated by 'piecemeal appellate review of trial court decisions which do not terminate the litigation.'" *Fischer v. N.Y. State Dep't of Law*, 812 F.3d 268, 273 (2d Cir. 2016) (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)).

However, § 1292(b) vests a district court with discretion to certify an order in a civil action for immediate appeal if (1) it "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  "The proponents of an interlocutory appeal have the burden of showing that all three of the substantive criteria are met." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014) (citing *Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir.2005)).  However, "[e]ven where the three legislative criteria of [§] 1292(b) appear to be met, district courts retain 'unfettered discretion to deny certification' if other factors counsel against it." *Id.* (quoting *Transp. Workers Union of Am., Local 100, AFL-CIO v. N.Y. City Transit Auth.*, 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005)); *see also United States ex rel. Quartararo v. Cath. Health Sys. of Long Island Inc.*, 521 F. Supp. 3d 265, 273 (E.D.N.Y. 2021) ("Because [i]nterlocutory appeals are presumptively disfavored, district courts have broad discretion to deny certification even where the statutory criteria are met") (citations and internal quotation marks omitted).  "Section 1292(b) was not intended 'to open the floodgates to a vast number of appeals from interlocutory orders in

4

ordinary litigation' . . . or to be a 'vehicle to provide early review of difficult rulings in hard

cases.'" *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (internal

citation omitted).  Rather, "[c]ertification is only warranted in 'exceptional cases,' where early

appellate review 'might avoid protracted and expensive litigation.'"  *Id.* (citation omitted).

Here, Defendant contends that the Order should be certified for interlocutory appeal

because:

> 1) the question of whether a contract was formed by the Rule 68
> offer and acceptance presents a controlling question of law that
> could result in the entry of judgment; 2) substantial grounds for
> difference of opinion exist as there are splits of authority within the
> Circuits and within the Second Circuit as to what constitutes an
> acceptance; and 3) certification will materially advance the
> termination of the litigation as entry of judgment based on the offer
> of judgment will end the litigation.

Dkt. No. 53-1 at 6.  The Court disagrees and, for the reasons that follow, finds that Plaintiff has

failed to meet his burden of demonstrating any of the three substantive criteria for interlocutory

appeal.

First, the question of whether a valid agreement was formed by the Offer of Judgement

and purported Acceptance is not a pure question of law.  Section 1292(b) certification "must be of

a question of law that can 'be stated at a high enough level of abstraction to lift the question out of

the details of the evidence or facts of a particular [c]ase and give it general relevance to other

cases in the same area of law.'"  *Dandong Old North-East Agric. & Animal Husbandry Co., Ltd.*

*v. Pasternak Baum & Co.*, 2018 U.S. Dist. LEXIS 110344, *5-6 (S.D.N.Y. June 29, 2018)

(quoting *Louis Vuitton Malletier, S.A. v. Hyundai Motor Am.*, No. 10-CV-1611, 2012 WL

1481510, *2 (S.D.N.Y. Apr. 27, 2012)).  The question of whether there was a meeting of the

minds, such that the Offer of Judgement and Acceptance is binding on the parties, "is a question

that turns principally on a review of the record and the language of the [documents]." *Id.* at *6.

Thus, the question presented here, which involves mixed questions of law and fact, is not

appropriate for certification pursuant to § 1292(b). *See In re Facebook*, 986 F. Supp. 2d at 536

("[M]ixed questions of law and fact are not appropriate for certification under § 1292(b)")

(citations and internal quotation marks omitted).

Second, there is no substantial ground for difference of opinion merely because Plaintiff is

dissatisfied with the outcome.  "A substantial ground for difference of opinion can exist when (1)

there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first

impression for the Second Circuit." *Davella*, 2024 WL 98352, at *2 (quoting *Capitol Recs., LLC

v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013)) (internal quotation marks omitted).

"'[I]t is the duty of the district judge . . . to analyze the strength of the arguments in opposition to

the challenged ruling when deciding whether the issue of appeal is truly one on which there is a

*substantial* ground for dispute.'"  *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (quoting *Max

Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983)) (emphasis in original).  To

find a substantial ground for a difference of opinion, "'there must be "substantial doubt" that the

district court's order was incorrect.'" *Estevez-Yalcin v. The Children's Village*, No. 01-CV-8784,

2006 WL 3420833, *4 (S.D.N.Y. Nov. 27, 2006) (citation omitted).

Plaintiff is incorrect that there is "conflicting authority regarding what constitutes an

acceptance." Dkt. No. 53-1 at 14.  In support of this argument, Plaintiff cites numerous out-of-

Circuit cases which hold that "'immaterial variances between the offer and acceptance will be

disregarded.'" *Id.* at 13 (citing cases).  But the variance here was not "immaterial"—the issue of

who the Offer of Judgement was intended to bind was an essential term of the offer.  Under the

binding Second Circuit precedent that this Court relied on in the Order, "'[f]or a valid Rule 68 agreement to have been formed, there must have been a "meeting of the minds" under elementary principles of contract law.'" Dkt. No. 48 at 8 (quoting *Electra*, 987 F.3d at 246 (collecting cases)). As the Second Circuit has explicitly held a valid Rule 68 acceptance requires a meeting of the minds, the issue is not the subject of conflicting authority, an issue of first impression for the Second Circuit, nor particularly difficult to answer. *See Davella*, 2024 WL 98352, at *2. Plaintiff's arguments to the contrary are wholly without merit. Indeed, Plaintiff presents no cases which contradict *Electra*—his personal disagreement with precedential Second Circuit caselaw does not constitute conflicting authority.

Third, Plaintiff contends that reinstating the Acceptance would "terminate the action, which would materially advance the litigation." Dkt. No. 53-1 at 14 (citing cases). Not so. Defendant is correct that Plaintiff's argument "does not capture the procedural complexity of FLSA collective and NYLL class action litigation." Dkt. No. 56 at 13-14. Indeed, Plaintiff's Notice of Acceptance would release *only* his claims against Defendant; "[i]n Plaintiff's absence, he would leave a void for the prospective collective and class members, and they may pursue the exact same claims, which would only prolong litigation of the same factual background and decrease judicial economy." *Id.* at 14.

Finally, to the extent the Court has not addressed the minutia of Plaintiff's flawed arguments, "the Court exercises its 'unfettered discretion' to deny certification of interlocutory appeal." *Lopez v. Overtime 1st Ave. Corp.*, 252 F. Supp. 3d 268, 273 (S.D.N.Y. 2017) (citation omitted). The unrelenting pressing of this issue has done nothing but obstruct the expeditious prosecution of Plaintiff's claims. Issuing a certificate of interlocutory appeal would merely serve as yet another roadblock on the path towards a final resolution of Plaintiff's claims.

## IV. CONCLUSION

Upon careful consideration of the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** that Plaintiff's motion for a certificate of appealability (Dkt. No. 53) is **DENIED**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Paul J. Evangelista for further proceedings; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 13, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge